**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MARVIN KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-03941 (UNA) |
| | ) | |
| HOME DEPOT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is currently before the Court on consideration of Plaintiff's *pro se* Complaint, ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2.  Upon review, the Court grants Plaintiff's IFP Application, and dismisses this matter without prejudice.

Plaintiff, a resident of the District of Columbia, sues Home Depot, ostensibly headquartered in Atlanta, Georgia.  *See* Compl. at 1–4.  The Complaint's allegations are vague and spare.  Plaintiff states only that "his claim is lost wages from employer/company Home Depot's managers on duty[.] [He] reported the issue to . . . Guy, Jerry, Carlos, and Lydia, all transferred [except] for one Guy M.O.D. on duty[,] a Caucasian male with company 30 years." *Id.* at 4.  He closes the Complaint by broadly noting a "violation of labor and employment laws, civil rights violation[s][,] wage violation[s]," sustained for a period of "three plus years." *See id*.  He appears to seek damages, but it is not clear, and he does not demand a specific amount.  *See id.*

*Pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and here, the Complaint and its addendums fail to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir.

2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted

so that they can prepare a responsive answer and an adequate defense and determine whether the

doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Notably,

"[a] confused and rambling narrative of charges and conclusions . . . does not comply with the

requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C.

2014) (citation and internal quotation marks omitted).

Plaintiff's Complaint falls within this category. The allegations fail to provide the

Defendant or the Court with adequate notice of a claim. The details or context required to state a

cognizable claim are missing--for example, how, when, or why, Plaintiff allegedly suffered loss

wages, how much he lost, where the alleged actions giving rise to this case occurred, or the nature

of his employment. And although Plaintiff generally refers to "labor and employment" or "civil

rights" laws, *see* Compl. at 4, he does not cite to any specific authority, nor can the intended

authority be inferred, as pleaded. In doing so, Plaintiff presents less than "threadbare recitals" that

are "supported by mere conclusory statements," which is insufficient to state a claim. *See Iqbal,*

556 U.S. at 678. Indeed, a complaint "must plead 'factual matter' that permits the court to infer

'more than the mere possibility of [defendant's] misconduct.'" *Atherton v. District of Columbia*

*Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678–79;

*see Aktieselskabet AF 21. Nov.2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We

have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint

needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v.*

*MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

For these reasons, this case is dismissed without prejudice. Plaintiff's other pending Motions, ECF Nos. 4, 5, 6, 7, and 8, are all denied as moot. A separate Order accompanies this Memorandum Opinion.

Date:   March 9, 2026

_Tanya S. Chutkan_
TANYA S. CHUTKAN
United States District Judge